### HAGAN *v.* HAGAN, administrator, *et al.*

Upon hearing this case the judge refused an injunction upon the condition that the defendants should comply with the order of the judge contained therein, to the effect that defendants, administrators upon the estate of an intestate, have a deed to the tract of land in question "legally attested or acknowledged so as to entitle the same to record." This order, as the court was authorized to hold upon a subsequent renewal of the application for injunction, was substantially complied with; and it was not error to refuse an injunction.

No. 6061. DECEMBER 15, 1927.

Petition for injunction. Before Judge Daniel. Bulloch superior court. April 23, 1927.

*R. Lee Moore* and *Anderson & Jones,* for plaintiff.

*Homer C. Parker* and *Clarence T. Guyton,* for defendants.

BECK, P. J. Mrs. Maggie Hagan, on January 19, 1927, filed her petition for injunction against Horace Hagan and G. E. Lee, administrators of the estate of Dock Hagan, deceased. After answer by defendants and hearing thereon, the judge of the superior court of Bulloch County, presiding, passed an order denying the injunction on condition that the defendant administrators would, within eighteen days from the date of signing the order, have a certain deed from the administrators to Mrs. Hagan, the plaintiff, attested or acknowledged so as to legally admit it to record, or make to Mrs. Hagan a deed legally conveying the tract of land in question. The order provided that should the administrators fail to comply with the order, then the temporary restraining order be continued and the defendants be enjoined from further proceeding to sell the land described in the petition. The deed referred to had been properly executed by one of the two administrators. One of them, G. E. Lee, was a resident of the State of Florida, and his signature to the deed had not been properly attested. On April 5, 1927, the petitioner by amendment renewed her application for injunction, insisting that the order had not been complied with, and that the administrators were proceeding to enforce an execution against her by a sale of the land in question, in violation of the terms of the order passed by the court. The administrators answered, averring that they had complied with the order. Upon considering the pleadings and evidence submitted, the court refused the injunction.

Injunctions, 32 C. J. p. 359, n. 2; p. 371, n. 90.

It does not appear that the administrators filed the deed executed as required by the court within eighteen days after the granting of the order referred to in the foregoing statement of facts, but they did, on March 9, 1927, tender the original deed as set out in the petition with the defect in the execution of it cured, so that it might be legally admitted to record. The defect in the attestation of the signature of Lee, one of the administrators, was cured by his acknowledgment of the deed and his signature thereto taken before a notary public of the State of Florida, County of Suwanee, which reads as follows: "State of Florida, County of Suwanee: Before the undersigned officer and one duly qualified by law to administer oaths in person appeared G. E. Lee, who after being duly sworn deposeth and says on oath that he is formerly of Bulloch County, Georgia, but now of Suwanee County, Florida, that he is one of the administrators of the estate of Dock Hagan, late of Bulloch County, Georgia, and hereby acknowledges that he signed the within administrator's deed for the purposes therein set out, that he signed the same in the presence of J. D. Sumner and Russell B. Goff, Notary Public State of Florida at Large, that the said J. D. Sumner and Russell B. Goff, Notary Public State of Florida at Large, signed as subscribing witnesses at the time and place that deponent signed the within administrator's deed. G. E. Lee (L. S.)

"Sworn to and subscribed before me this January 24, 1927. Wm. H. Goff, Notary Public. My com. exp. 5-15-1928. (Seal)."

We think this was a substantial compliance with section 4203 of the Civil Code, relating to the attestation of deeds executed out of this State. As we have said, this deed acknowledged by Lee was not tendered until March 9, which was after the eighteen days within which the deed was to be delivered to petitioner; but the judge was authorized to hold that this was a substantial compliance with his order as originally granted. No exception to the order as originally granted was filed by either party; and consequently, the defendants having complied with the terms of that order, the judge was authorized to refuse the injunction which the petitioner sought.

*Judgment affirmed. All the Justices concur.*